# THE KING *vs.* MOSES LIILII, KALAWAIA AND WILLIAM JOE.

## QUESTION RESERVED BY McCULLY, J.

HEARING, JANUARY 21, 1891.   DECISION, FEBRUARY 10, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

Motion of the prosecution to dismiss appeal from conviction in Police Court of Honolulu of violation of Chapter XL., Laws of 1886, amending Vagrancy Act, on the ground that no appeal lies from conviction of vagrancy under common law rules:

Held, that under Hawaiian statute law, appeals lies in all cases, both civil and criminal, from Police and District Courts, unless an exception is made by statute.

Held, that vagrancy being a status and not an act, the addition of offenses to the vagrancy statute under the amended law, which are distinctively acts, does not thereby attach the quality of vagrancy to the commission of such acts.

### OPINION OF THE COURT, BY DOLE, J.

The defendants were convicted in the Police Court of Honolulu on the 3rd day of December, 1890, of violating Chapter XL. of the Laws of 1886, and appealed to the Supreme Court, and their case was entered on the calendar of cases for the January Term.   Early in the term the Attorney-General filed a motion that the case " be stricken from the Calendar on the ground that no appeal lies from a conviction on the charge of vagrancy," and requested the Court to reserve the question raised by the motion for the consideration of the Court in Banco.   The matter was argued before this Court during the January Term.

The Attorney-General contends that no appeal lies from a conviction of vagrancy under the precedents of the Common Law, and refers to the Hawaiian case of *The King vs. Coffee,*

in which Judge Preston dismissed a similar appeal upon this ground.

Chapter XL. of the Laws of 1886 is entitled, "An Act to amend Section 1 of Chapter XXXVII. of the Penal Code and the Act amendatory thereof, relating to vagrants and idle and disorderly persons." This amendment has, in some respects, radically modified the original law, which provides for the punishment of offenses which are defined rather as conditions of living or habitual methods of obtaining a subsistence, than acts; for instance, habitual begging by an able-bodied person, or living in idleness and eating the food of others by one without visible means of support. The amended law, on the other hand, has added several offenses which are acts, such as soliciting alms, subscriptions or contributions under false pretense, or entering by night without lawful excuse a dwelling-house, warehouse, outhouse or enclosed yard.

Vagrancy being a status rather than an act, a person found guilty of the last-mentioned offenses and punished therefor is not thereby convicted of vagrancy, even though the two classes of offenses are defined in the same act and punished with the same penalties.

The evidence, upon which the conviction of the defendants in the Police Court was based, shows that if they are guilty of violating the law in question, they are guilty because of the commission of an act, and not because of any habitual condition of living: to wit, entering by night without lawful excuse a building or an enclosed yard.

Whatever may be the Common Law rule as to appeals from convictions of vagrancy, it does not seem that such a rule would apply under the above reasoning to the case before the Court, supposing our statute law to be silent on the subject. We find, however, that our law (Chap. 62 Laws 1886) gives the right of appeal from the Police and District Courts in all cases, civil and criminal. Under these circumstances, Common Law precedents cannot affect the rights of parties to their appeal.

We therefore overrule the motion for dismissal of the appeal.

*Attorney-General Peterson*, for the Crown.

*J. L. Kaulukou*, for the defendants.